## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM A. FEGLEY, SR.,** | : | |
| **Plaintiff** | : | **No. 3:13-cv-01760** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **CAROLYN W. COLVIN,** | : | **(Magistrate Judge Schwab)** |
| **Acting Commissioner of** | : | |
| **Social Security** | : | |
| **Defendant** | : | |
| | : | |

**MEMORANDUM**

Before the Court is the Report and Recommendation of Magistrate Judge Schwab recommending that the Court affirm the Social Security Commissioner's decision denying Plaintiff disability insurance benefits, and Plaintiff's objection thereto.  (Doc. Nos. 14, 15, 16.) For the reasons that follow, the Court will adopt the Report and Recommendation and affirm the decision of the Social Security Commissioner.[1]

## I.    BACKGROUND

On November 17, 2009, Plaintiff William A. Fegley, Sr. filed an application for social security disability insurance benefits with the Social Security Administration ("SSA"), claiming disability largely as a result of his back and neck pain.  (See Doc Nos. 7, 14.)  After an initial denial of benefits, Plaintiff requested and was granted a hearing before Administrative Law Judge ("ALJ") Geoffrey Casher.  (Doc. No. 6-2 at 60-105.)  On May 17, 2011, the hearing

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations.  In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made.  28 U.S.C. § 636(b)(1); M.D. Pa. L.R. 72.3.

convened before the ALJ, and the ALJ subsequently issued a decision on September 15, 2011,

denying benefits and finding that Plaintiff was not disabled.  (Id. at 40-59.)  Thereafter, Plaintiff

timely sought SSA Appeals Council review and to introduce new evidence for consideration,

including results from a Lumbar Discogram performed on March 27, 2012, and a residual

functional capacity ("RFC") assessment from Dr. Steven Wolf, dated August 24, 2012.  (Id. at 2-

8.)  Nevertheless, on April 24, 2013, the Appeals Council denied the request for review.  (Id.)

The Appeals Council also rejected Plaintiff's proposed new evidence, specifically noting that the

proposed lumbar discogram report and Dr. Wolf's RFC assessment concern a time period after

the ALJ issued his decision and after Plaintiff was last insured.  (Id. at 3.)  Because the Appeals

Council declined to review Plaintiff's claims, the decision of the ALJ denying benefits is the

final decision of the Commissioner and the Social Security Administration.

On June 26, 2013, Plaintiff filed the above-captioned action pursuant to 42 U.S.C. §

405(g) appealing the ALJ's decision.[2]  (Doc. No. 1.)  In his original brief, Plaintiff contended

that (1) the ALJ failed to afford appropriate weight to the relevant medical opinions of record;

(2) the ALJ's credibility determinations were not supported by substantial evidence; and (3) the

ALJ committed reversible error when he relied upon the vocational expert's response to a

hypothetical question that failed to encompass all of Plaintiff's limitations.  (Doc. No. 7.)

Plaintiff also briefly suggested that his additional 2012 evidence, rejected by the Appeals

Council, related back to the period adjudicated by the ALJ, and therefore should be considered in

connection with his application for benefits.  (Id. at 8.)  On July 29, 2014, Magistrate Judge

---

[2] Although Plaintiff's complaint specifies that he is invoking the jurisdiction of this Court pursuant to 42 U.S.C. § 405(d), it is Section 405(g) that provides for judicial review of the final decision of the Commissioner of Social Security.

Schwab issued a Report and Recommendation, in which she recommends that this Court affirm the Commissioner's decision, because substantial evidence supports the ALJ's findings regarding the weight of medical evidence and Plaintiff's credibility, and because the ALJ's hypothetical was properly formulated.  (Doc. No. 14.)  Magistrate Judge Schwab also rejected Plaintiff's suggestion that his proposed new evidence should be considered, and recommends that the Court find that the proposed new evidence does not relate to the relevant time period evaluated by the ALJ.  (Id. at 28-30.)

On September 26, 2014, Plaintiff filed timely objections to the Report and Recommendation.  (Doc. No. 15.)  He does not raise any objections to Magistrate Judge Schwab's proposed finding that substantial evidence supports the ALJ's conclusions regarding the weight of medical evidence and Plaintiff's credibility, or her proposed finding that the ALJ's hypothetical was properly formulated.  (See Doc. Nos. 15, 16.)  Rather, Plaintiff's sole objection is that his proposed new evidence that had been rejected by the Appeals Council – consisting of the March 2012 Lumbar Discogram and Dr. Wolf's August 2012 RFC assessment – is material and should be considered in rendering a disability determination.  (Doc. No. 16.)  Accordingly, he now requests relief that he did not explicitly request in his prior filings: that this Court remand the case pursuant to the sixth sentence of 42 U.S.C. § 405(g) for consideration of this new evidence.  (Id. at 9.)

## II.    STANDARD OF REVIEW

A federal district court has plenary review of all legal issues decided by the SSA.  Poulos v. Comm'r of Soc. Sec., 474 F.3d 88, 91 (3d Cir. 2007).  However, review of the SSA's factual findings is much more deferential: any fact determination by the Commissioner need only be

supported by "substantial evidence" in order to survive scrutiny.  Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).  Substantial evidence is often defined as anything "more than a mere scintilla" of evidentiary support.  E.g., Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (internal citation omitted).  Substantial evidence exists "in relationship to all the other evidence in the record," and an ALJ has the responsibility of explaining his or her determinations such that subsequent courts may discern whether or not substantial evidence supports that determination.  Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981).

To establish eligibility for disability benefits, a plaintiff must demonstrate a permanent or long term physical or mental impairment which precludes the plaintiff from earning more than a given regulatory threshold.  42 U.S.C. § 423(d)(1)(a); 20 C.F.R. §§ 404.1574, 416.974.  SSA utilizes a five-step process when evaluating disability insurance claims.  20 C.F.R. § 404.1520; Poulos, 474 F.3d at 91-92.  This process requires the Commissioner to consider, in sequence, whether a claimant (1) is currently earning above the regulatory threshold; (2) has an impairment that is severe or a combination of impairments that is severe; (3) is so severely impaired so as to qualify for a regulatory "listing," thereby expediting review; (4) retains the ability to perform any former vocation above the regulatory threshold; and, if not (5) whether the plaintiff can perform other substantial work in the national or regional economy.  Id.  For the purposes of this evaluative process, the SSA determines the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis; this ability is known as the Residual Functional Capacity.  20 C.F.R. § 404.1546 et seq.; 20 C.F.R. § 416.945 et seq.  The residual functional capacity assessment must include a discussion of the individual's abilities.  Id.; 20 C.F.R. § 404.1545; see Hartranft v. Apfel, 181 F.3d 358, 359 n.1

(3d Cir. 1999) (noting that residual functional capacity is "defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s)").

## III.    DISCUSSION

### A.    Remand for consideration of new evidence

Magistrate Judge Schwab found that, to the extent Plaintiff seeks to introduce his new evidence – which was rejected by the Appeals Council – the Court should find that the proposed evidence is not material to the relevant time period considered by the ALJ in his decision.  (Doc. No. 14 at 28-30.)  Plaintiff objects to this proposed finding and asks this Court to remand his case for the express purpose of considering: (1) the results of a Lumbar Discogram, performed on March 27, 2012, and (2) an RFC questionnaire completed by Dr. Steven Wolf dated August 24, 2012.  (Doc. Nos. 15, 16.)  Plaintiff asserts that his proposed new evidence (1) is material, in that it relates back to the time period considered by the ALJ, and (2) reasonably could have been expected to change the outcome of the case.  (Doc. No. 16.)  Plaintiff also asserts that he had good cause for failing to incorporate his new evidence into the proceedings before the ALJ.  (Id. at 4.)

"Sentence six" remand allows a district court to remand a case for consideration of new evidence which was not considered by the ALJ in the initial denial of benefits.  See 42 U.S.C. § 405(g).  Sentence six remand is appropriate only where: (1) the evidence is new and not cumulative of what is already in the record; (2) the evidence is material; (3) there is a reasonable probability that the new evidence would change the outcome of the case; and (4) the Plaintiff shows good cause as to why the evidence was not incorporated into the earlier administrative record.  Scatorchia v. Comm'r of Soc. Sec., 137 F. App'x 468, 472 (3d Cir. 2005) (citing

Newhouse v. Heckler, 753 F.2d 283, 287 (3d Cir. 1985)).  A Plaintiff seeking sentence six

remand bears the burden of establishing each of these elements.  See Dieter v. Astrue, No.

11-2023, 2012 WL 1231821, at *3 (E.D. Pa. Mar. 21, 2012).

The Court will not remand based on Plaintiff's proposed new evidence.  First, the Court

agrees with Magistrate Judge Schwab that the proposed new evidence is not material.  In order to

be material, the proposed new evidence must "relate to the time period for which benefits were

denied, and . . .  not concern evidence of a later-acquired disability or of the subsequent

deterioration of the previously non-disabling condition."  Szubak v. Sec'y of Health and Human

Servs., 745 F.2d 831, 833 (3d Cir. 1984).

Regarding the first proffered new evidence, the Lumbar Discogram report, it was

performed on March 27, 2012, approximately six months after September 15, 2011, the date on

which the ALJ denied benefits.  Courts in this circuit have consistently found that similar post-

dated evidence fails to meet the materiality standard, as it concerns a time period after that

considered by the ALJ, and the Court is not persuaded by Plaintiff's arguments to the contrary.

See, e.g., Lockard v. Astrue, No. 10-206J, 2011 WL 4473607, at *5 (W.D. Pa. Sept. 26, 2011)

(finding that a psychiatric evaluation performed approximately six months after the decision of

the ALJ "post-dates the relevant period and therefore is not material"); Poleck v. Astrue, No. 09-

291, 2009 WL 3738602, at *4 (E.D. Pa. Nov. 9, 2009) (denying remand for consideration of a

spinal MRI performed after the relevant time period because it "relates to subsequent

deterioration of a previously non-disabling condition"); Levy v. Barnhart, No. 03-6202, 2005

WL 1799425, at *4 (E.D. Pa. July 29, 2005) (finding sentence six remand inappropriate where

"the medical evidence produced by [Plaintiff] was created after December 16, 2002, when [the

ALJ] issued her decision"). Plaintiff has also not established for the Court that the results of the Lumbar Discogram are substantively material to the relevant time period. Accordingly, the Court finds that the lumbar discogram report is not material.

Regarding the second piece of new proffered evidence – Dr. Wolf's RFC questionnaire dated August 24, 2012 – the Court similarly concludes that it is not material, as it does not relate to the relevant time period. As discussed above, testing and evaluations performed months after the relevant time period generally do not justify remand. See Lockard, 2011 WL 4473607, at *5. Plaintiff contends that Dr. Wolf's RFC questionnaire is distinct in that it expressly incorporates the relevant time period; specifically, the questionnaire notes that it concerns Plaintiff's "neck pain since [February 2010] and leg pain for many years." (Doc. No. 6-10 at 62.) The Court finds that this is insufficient to demonstrate that his RFC assessment "relates back to the relevant period;" indeed, Plaintiff himself admits that Dr. Wolf's opinions, as expressed in his RFC, were based on the results of the March 2012 Lumbar Discogram (Doc. No. 16 at 4). See Crandall v. Astrue, No. 10-1431, 2011 WL 4632281, at *12 (E.D. Pa. Oct. 5, 2011) (denying remand for consideration of new physician's treatment notes because "although his treatment notes may recount aspects of [Plaintiff's] medical history from the relevant time period, they also incorporate post-decision observations and testing – thus [Plaintiff] has not demonstrated that the new evidence relates to the relevant time period"). Additionally, as Magistrate Judge Schwab found, there is no evidence suggesting that Dr. Wolf ever treated Plaintiff during the relevant time period. (See Doc. No. 14 at 29 n.7.) Thus, the Court finds that Plaintiff has failed to make the requisite showing that Dr. Wolf's RFC "relates back" and is material, and will overrule Plaintiff's objection to the contrary.

Even if the Court found that Plaintiff's proffered new evidence was material, the Court further finds that Plaintiff has failed to show good cause for the failure to obtain the evidence during the relevant time period before the ALJ.  The Third Circuit has observed that the purpose of the good cause requirement is to prevent an "end-run method of appealing an adverse ruling from the Secretary."  Szubak, 745 F.2d at 834.  Thus, in order to meet this requirement, a plaintiff must present good cause as to why he did not attempt to procure the new evidence at an earlier time.  Chandler v. Comm'r of Social Security, 667 F.3d 356, 360 (3d Cir. 2011); see also Crandall, 2011 WL 4632281, at *12 (distinguishing the requirement that evidence be "new" with the separate requirement that there be good cause for the failure to obtain it sooner).

Here, Plaintiff asserts that he attempted to develop RFC information from his pain specialist, Dr. Grover, "without success," even though the ALJ left the administrative record open for an additional twenty days for this purpose.  (Doc. No. 16 at 4.)  Plaintiff does not explain why he was unable to obtain this information, and does not suggest that he sought any additional extensions of time.  Plaintiff then states that he contacted Dr. Wolf in 2012 "to reestablish medical care with him," at which point Dr. Wolf ordered the Lumbar Discogram, the results of which Dr. Wolf used to offer his August 2012 RFC assessment.  (Id.)  However, this contact with Dr. Wolf was months after the ALJ rendered his decision denying Plaintiff benefits, and Plaintiff fails to explain why he did not or could not contact Dr. Wolf during the relevant time period.  Accordingly, the Court finds Plaintiff has not met his burden of demonstrating good cause for his failure to obtain medical evidence from Dr. Wolf at an earlier time.[3]  See Matthews

---

[3]  Plaintiff relies on the facts in Szubak in arguing that he has submitted good cause, but the Third Circuit's decision in that case relied in part on the fact that the plaintiff was only

v. Apfel, 239 F.3d 589, 595 (3d Cir. 2001) (denying remand where Plaintiff failed to show good cause for not obtaining and submitting a vocational expert's report until seven months after the ALJ's decision denying benefits); White v. Astrue, No. 06-1495, 2008 WL 687478, at *7 (M.D. Pa. Mar. 11, 2008).

In so finding, the Court emphasizes that "the burden is on the claimant to present medical findings that show his or her impairment matches a listing or is equal in severity to a listed impairment." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 120 (3d Cir. 2000). Accordingly, it was Plaintiff's responsibility to obtain and present all relevant evidence to the ALJ in seeking benefits. However, it appears that he made no effort to contact Dr. Wolf until months after the ALJ entered his decision denying benefits, and has presented no good cause as to why he could not have sought Dr. Wolf's treatment during the relevant period. The Court concludes that remand under these circumstances would run counter to the principles underlying Section 405(g). See Matthews, 239 F.3d at 595 ("If we were to order remand for each item of new and material evidence, we would open the door for claimants to withhold evidence from the ALJ in order to preserve a reason for remand."); Shuter v. Astrue, 537 F.Supp. 2d 752, 757 n.4 (E.D. Pa. 2008) ("As a practical matter, it would be counterproductive and against the purpose of [Section] 405(g) to allow a plaintiff whose claim was denied by an ALJ to seek a secondary opinion or diagnosis from another doctor and then to label the opinion 'new evidence' entitling the plaintiff to a remand."). For these reasons, the Court will adopt the recommendation of Magistrate Judge Schwab, and will not remand for consideration of Plaintiff's new evidence.

---

represented by her counsel after the ALJ's decision. Szubak, 745 F.2d at 834. Here, it appears Plaintiff was represented by counsel before the ALJ. (See Doc. No. 6-2 at 60-105.)

**B.      Other recommendations of Magistrate Judge Schwab**

Magistrate Judge Schwab also recommends that this Court affirm the Commissioner's decision on the additional grounds raised in Plaintiff's initial brief, because substantial evidence supports the ALJ's findings regarding the weight of medical evidence and Plaintiff's credibility, and because the ALJ's hypothetical was properly formulated during the hearing.  (Doc. No. 14.) Plaintiff offers no specific objections to these recommendations, and the Court finds no error in Magistrate Judge Schwab's conclusions.  Accordingly, the Court will adopt her additional recommendations and will affirm the Commissioner's decision denying benefits.

## IV.      CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's objections to Magistrate Judge Schwab's Report and Recommendation are without merit.  Accordingly, the Court will adopt Magistrate Judge Schwab's Report and Recommendation and affirm the decision of the Commissioner.  An order consistent with this memorandum follows.